United States Courts
Southern District of Texas
FILED
*December 28, 2021*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Criminal No. **4:21-cr-606** |
| v. § | |
| § | |
| GREGORY GITLIN, § | |
| § | |
| Defendant. § | |

## INFORMATION

The United States Attorney for the Southern District of Texas charges:

### General Allegations

At all times material to this Information, unless otherwise specified:

1. The Medicare Program (Medicare) was a federal healthcare program providing benefits to individuals who were the age of 65, or older, or disabled. Medicare was administered by the United States Department of Health and Human Services, through its agency, the Centers for Medicare and Medicaid Services (CMS). Individuals receiving benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3. Medicare was subdivided into different parts. Part B of the Medicare program covers eligible physician and outpatient medical services provided by a participating Part B service provider to Medicare beneficiaries with a medical need for the provided service. Claims for qualifying Part B services are typically reimbursed in part to the Part B provider based on contract rates determined by Medicare.

4. Physicians, clinics, and other healthcare providers, including laboratories, that provide services to Medicare beneficiaries are required to apply for and obtain a "provider number". Part of this application process requires that the health care providers certify that they understand and will abide by the federal laws and regulations governing their participation in Medicare, including a specific understanding of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7(b).

5. A healthcare provider that was issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries. A Medicare claim was required to set forth, among other things, the beneficiary's name and Medicare identification number, the services that were performed for the beneficiary, the date the services were provided, the cost of the services, and the name and identification number of the physician or other healthcare provider that ordered the services.

6. Lodestar Diagnostic Laboratory, Inc. ("Lodestar") was an independent clinical laboratory located at 11301 Fallbrook Drive, Suite 108, Houston, TX 77065. Lodestar purportedly provided laboratory services to Medicare beneficiaries from in or around September 2014 through August 2018.

7. Defendant **GREGORY GITLIN**, a resident of Travis County, Texas, owned and operated Lodestar from in or around September 2014 through August 2018.

8. Verimed Health and Medical Wellness Clinic, Inc. ("Verimed") was a clinic operating in Houston, Texas.

9. Dr. Innad Husaini ("Husiani") owned Verimed.

10. Hanh Hong This Nguyen ("Nguyen") managed operations at Verimed.

11.     Clinic Employee worked at Verimed. Husaini and Nguyen supervised Clinic Employee.

**COUNT 1**
**Conspiracy to Defraud the United States and to**
**Pay and Receive Health Care Kickbacks**
**(18 U.S.C. § 371)**

12.     Paragraphs 1 through 11 of this Information are realleged and incorporated by reference as if fully set forth herein.

13.     From in and around February 2016 through in or around February 2018, the exact dates being unknown, in the Houston Division of the Southern District of Texas, and elsewhere, the Defendant,

**GREGORY GITLIN**

did knowingly and willfully combine, conspire, confederate and agree with his coconspirators, known and unknown, to commit certain offenses against the United States, that is,

a.     to defraud the United States by impairing, impeding, obstructing and defeating through deceitful and dishonest means, the lawful government functions of the United States Department of Health and Human Services in its administration and oversight of the Medicare program; and to commit certain offenses against the United States, that is:

b.     to violate Title 42, United States Code, Section 1320a-7b(b)(1), by knowingly and willfully soliciting and receiving remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare; and for the purchasing, leasing, ordering and arranging for and recommending the purchasing, leasing and

3

ordering of any good, item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare; and

      c.    to violate Title 42, United States Code, Section 1320a-7b(b)(2), by knowingly and willfully offering and paying remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind to any person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part under a Federal health care program, that is, Medicare; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, Medicare.

## Purpose of the Conspiracy

14.    It was a purpose of the conspiracy for the Defendant **GREGORY GITLIN**, and his co-conspirators to unlawfully enrich themselves by paying kickbacks and bribes in exchange for the referral of Medicare beneficiaries for whom Lodestar submitted claims to Medicare.

## Manner and Means of the Conspiracy

The manner and means by which the Defendant **GREGORY GITLIN** and his co-conspirators sought to accomplish the purpose and objects of the conspiracy included, among other things, the following:

15.    Defendant **GREGORY GITLIN** maintained a Medicare provider number for Lodestar that the Defendant used to submit and cause to be submitted claims to Medicare for laboratory services.

16. Defendant **GREGORY GITLIN** and his coconspirators, known and unknown, paid and caused the payment of kickbacks to Verimed in exchange for Verimed referring Medicare beneficiaries to Lodestar for laboratory services.

17. Husaini and Nguyen agreed to refer Verimed's laboratory services to Lodestar. In exchange for Verimed's laboratory services referrals for Medicare beneficiaries for whom Lodestar submitted claims to Medicare, **GREGORY GITLIN** paid and caused the payment of kickbacks to Verimed by paying the biweekly wages of Clinic Employee.

18. From in and around February 2016 through in and around February 2018, **GREGORY GITLIN** paid approximately $54,740 in kickbacks to Clinic Employee in exchange for Verimed referring Medicare beneficiaries to Lodestar for laboratory services.

All in violation of Title 18, United States Code, Section 371.

## Overt Acts

19. In furtherance of the conspiracy, and to accomplish its objects and purposes, the conspirators committed and caused to be committed, in the Houston Division of the Southern District of Texas, the following overt acts:

    a. On or about February 5, 2016, Defendant **GREGORY GITLIN** paid or caused the payment of approximately $600 to Clinic Employee in exchange for Verimed's referral of Medicare beneficiaries to Lodestar for laboratory services.

    b. On or about August 22, 2016, 2016, Defendant **GREGORY GITLIN** paid or caused the payment of approximately $1,350 to Clinic Employee in exchange for Verimed's referral of Medicare beneficiaries to Lodestar for laboratory services.

   c. On or about July 14, 2017, Defendant **GREGORY GITLIN** paid or caused the payment of approximately $1,350 to Clinic Employee in exchange for Verimed's referral of Medicare beneficiaries to Lodestar for laboratory services.

   d. On or about February 23, 2018, Defendant **GREGORY GITLIN** paid or caused the payment of approximately $1,350 to Clinic Employee in exchange for Verimed's referral of Medicare beneficiaries to Lodestar for laboratory services.

All in violation of Title 18, United States Code, Section 371.

           JENNIFER B. LOWERY
           UNITED STATES ATTORNEY

           *Kathryn Olson*
           KATHRYN OLSON
           Special Assistant United States Attorney
           1000 Louisiana Street, Suite 2300
           Houston, Texas 77002
           Tel.: (713) 567-9146
           E-mail: Kathryn.Olson@usdoj.gov